UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOSEPH HOANG** | **CASE NO. 2:23-CV-01068** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **P N K LAKE CHARLES L L C ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 17) wherein Defendants, PNK (Lake Charles), LLC d/b/a L/Auberge Resorts ("L'Auberge") and Zurich American Insurance Company ("Zurich") (collectively referred to as "Defendants") move for summary judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## BACKGROUND

The instant lawsuit involves a short and sudden gust of winds that lasted approximately 2 minutes. On June 26, 2022, Plaintiff Joseph Hoang, was a in the pool area of the L'Auberge Hotel and Resort ("L'Auberge") when strong winds blew over several large beach umbrellas, some of which struck Plaintiff. Plaintiff alleges that L'Auberge and/or its employees were negligent and/or the umbrellas had a vice or defect rendering them unreasonably dangerous and/or constituted a ruin of a building.[1]

---

[1] Petition.

## S<span style="font-variant:small-caps">ummary</span> J<span style="font-variant:small-caps">udgment</span> S<span style="font-variant:small-caps">tandard</span>

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

On this particular day, in compliance with L'Auberge's policy, the Assistant Pool Manager, Courtney Stone, decided to close the pool area off to all guests when she was notified via various weather apps, that lightning had reached 5 miles of the perimeter of the pool.[2] An announcement was made by Pool Supervisor, Luke Fontenot, which advised the guests that the pool area was being closed due to severe weather.[3] Fontenot testified that he made the announcement approximately two to three times.[4] Video of the incident shows numerous guests exiting the pool and pool area, and also reveals Plaintiff who is not yet exiting the pool area when the large umbrellas, that weigh approximately 142 pounds, are suddenly blown in Plaintiff's direction.[5] Plaintiff testified that at least four (4) umbrellas struck him causing him to fall to the ground. The video also reflects that shortly before the sudden wind gusts occurred, the area was relatively calm, but the sky was gray and cloudy.[6]

*Force majeure*

In its answer to the complaint, Defendants asserted the "Act of God/*force majeure*" defense. Defendants argue that because the wind bursts occurred suddenly and without warning, Plaintiff's injuries were due directly and exclusively to natural causes and could

---

[2] Defendant's exhibit G, Courtney Stone affidavit, attached to deposition, ¶ 5.
[3] *Id.*, ¶ 8.
[4] Defendant's exhibit D, Luke Fontenot deposition, p. 16:8-13, p. 36:1-12.
[5] Defendant's exhibit B-1, Manual attachment, Doc. 17-5.
[6] Defendant's exhibit B-1, Manual attachment, Doc. 17-5.

not have been prevented by the exercise of reasonable care. Defendants rely on Plaintiff's deposition testimony,[7] and Stone's deposition testimony.[8] Stone testified that that prior to the winds picking up, there was no wind.[9] Defendant argues that Plaintiff has not demonstrated the L'Auberge failed to take reasonable precautions and/or failed to exercise reasonable care that would have prevented the accident. Defendants remark that Plaintiffs have not retained an expert regarding the feasibility and practicality of bolting down and installing permanent umbrellas.

Defendants also argue that Plaintiff has not provided any evidence and/or did not retain any meteorologist expert to testify that the sudden strong wind gusts were expected and/or that there was enough advanced notice to remove all patrons from the pool areas and/or remove the umbrellas from the pool areas. Additionally, Plaintiff did not retain a safety engineer to opine that the umbrellas were displayed in an unreasonable/negligent manner and/or that L'Auberge employees' and/or their acts and omissions contributed to the damage caused by the sudden high gusts of wind.

Defendants argue that Plaintiff was well aware of the change in weather. Defendants rely on Plaintiff's testimony wherein he testified that thirty minutes prior to the incident there was a "huge gray sky coming in" and twelve minutes before the incident, he felt the wind start coming in.[10] Approximately five (5) minutes before the incident, he started packing his stuff to leave the pool area.[11]

---

[7] Defendant's exhibit A.
[8] Defendant's exhibit F.
[9] *Id.* Stone deposition, p. 38:12-19.
[10] Defendant's exhibit A, Hoang deposition, pp. 44, 65.
[11] *Id.*

Two circumstances must exist for the act of God defense to apply: (1) the accident is directly and exclusively due to natural causes without human intervention; and (2) no negligent behavior by the defendant(s) has contributed to the accident. *Duboue v. CBS Outdoor, Inc.*, 996 So.2d 561, 563 (La. App. 4 Cir. 10/-1/08) (citing *Terre Aux Bouefs Land. v. J.R. Gray Barge*, 803 So.2d 86, 93 (La. App. 4 Cir. 11/14/01). A party may still be held liable for damages that would not have occurred, but for his own conduct or omission, when combined or concurrent with a *force majeure* or "Act of God." *Dollar Thrifty Auto Group, Inc. v. Bohn-DC, L.L.C.*, 23 So.3d 301 (La.App.5 Cir. 9/30/08).

Defendants argue that the evidence demonstrates that any damages Plaintiff suffered were directly and exclusively due to the natural cause of a wind gust without human intervention. Defendants contend that L'Auberge exercised reasonable care in relation to the potentially unsafe weather conditions by following its policies and closing the pool.

Plaintiff argues that the sudden high winds were reasonably foreseeable and could have been prevented. See *Brown v. Williams*, 850 So.2d 1116 (La. App. 2d Cir. 2003); *Blue v. St. Clair Country Club*, 131 N.E. 31 (Ill. S.Ct. 1955). Plaintiff contends that L'Auberge could have prevented Plaintiff's injuries by fastening the umbrellas to the concrete or removing them. Plaintiff also submits summary judgment evidence that these same umbrellas had blown over several times in the recent months.[12] Plaintiff thus maintains that there is a genuine issue of material fact that human negligence was a contributing factor

---

[12] Plaintiff's exhibit 1, Luke Fontenot deposition, p. 14.

that caused Plaintiff's injuries and thus, defeats any claim to the Act of God defense. See *Terre Aux Boeufs*, *supra* citing *Guy v. Howard Hughes Corp.*, 262 So.3d 327 (La.App. 4 Cir. 2018); see also *Caskey v. Merrick Const. Co., Inc.*, 86 So.3d 186 (La.App. 2d Cir. 2012) (storms with winds of a lesser degree may not act as a defense if the damage would not have occurred but for the defendant's conduct or mission, which combined with wind caused the damage.)

Here, there is testimony that just four days prior, the L'Auberge had experienced high winds, which caused umbrellas to blow over and hit a family,[13] and furthermore, during Fontenot's 5-month tenure at L'Auberge, the umbrellas had blown over on three or perhaps four occasions.[14] The Court finds that there is a genuine issue of material fact for trial as to whether or not L'Auberge was negligent and that negligence may have contributed to the accident.

*Vice or Defect*

Lastly, Defendants maintain that Plaintiff cannot prove that the umbrellas had a vice or defect pursuant to Louisiana Civil Code article 2317.1. Defendants remark that Plaintiff has failed to submit any evidence to create a genuine issue of fact for trial to establish that the umbrellas were defective. The Court agrees. Plaintiff has not submitted any evidence as to a defect, nor have he presented any argument of same. As such, any theory of liability as a result of a vice or defect will be dismissed.

---

[13] Defendant's exhibit A, Hoang deposition, pp. 51-52.
[14] Plaintiff's exhibit 1, Fontenot deposition, p. 14:3-13.

## CONCLUSION

For the reasons explained herein the Court will grant Defendants' motion as to any theory of liability based on vice or defect; otherwise, the Motion for Summary Judgment will be denied.

**THUS DONE AND SIGNED** in chambers on this 25th day of February, 2025.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE