UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOSEPH HOANG** | **CASE NO. 2:23-CV-01068** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **P N K LAKE CHARLES L L C ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is "Defendants' Motion *in Limine* and/or to Strike Expert Opinions from Treating Physicians Regarding Future Medical Treatment and the Cost of Same" (Doc. 67).

## BACKGROUND

The instant lawsuit involves a short and sudden gust of winds that lasted approximately 2 minutes. On June 26, 2022, Plaintiff Joseph Hoang, was in the pool area of the L'Auberge Hotel and Resort ("L'Auberge") when strong winds blew over several large beach umbrellas, some of which struck Plaintiff. Plaintiff alleges that L'Auberge and/or its employees were negligent and/or the umbrellas had a vice or defect rendering them unreasonably dangerous and/or constituted a ruin of a building.[1]

## LAW AND ANALYSIS

Defendants move to limit evidence at trial to past medical treatment and one future repeat of a Cervical Epidural Steroid Injection because no expert disclosure compliant with Rule 26(a)(2)(C) has been produced that would allow for expert opinion or medical

---

[1] Petition, Doc. 1-1.

causation testimony to be presented by these witnesses regarding future medical treatment, future surgeries and/or the cost of same.

Defendants inform the Court that Dr. Burton issued a medical report that recommended one future repeat of a Cervical Epidural Steroid Injection, to which they do not object. However, because there is no other expert report as to any future possible surgeries, future medical treatment, and/or the cost of future medical treatment, any evidence other than what is in Dr. Burton's report as to future medical treatment must be excluded because it was not disclosed.

Plaintiff, through counsel, faults defense counsel for his lack of thoroughness and suggests that because Defendants did not depose his doctors concerning their treatment and the need for future medical treatment, Defendants are not entitled to exclude any evidence of future medical treatment.

Defendants argue that the Court must exclude any expert testimony regarding future possible surgeries, future medical treatment, and/or the cost of said future medical treatment because Plaintiff did not comply with Federal Rule 26(A)(2)(C) regarding treating experts. Specifically, Plaintiff has not disclosed any medical records or discussed any cervical surgery as a future medical treatment despite this matter being almost five (5) years old. Additionally, Defendants complain that Plaintiff's expert witness list filed in October 2025 did not state that any doctor would testify that cervical surgery was even an option. Defendants advise the Court that it has filed the instant Motion in Limine to avoid any surprise at trial with testimony by anyone who might opine that future cervical surgery is warranted and present evidence of its cost.

When the expert is not required to provide a written report, the propounding party must prepare a "disclosure" under Rule 26(a)(2)(C), that "must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Federal Rule of Civil Procedure 26(a)(2)(C).

Short and vague statements, like the doctor at issue "may testify as to all aspects of the medical evaluation and treatment of [the plaintiff], as well as any future treatment", also do not sufficiently constitute a "summary of the facts and opinions to which the witness is expected to testify" that is required by the Rule 26 disclosure. *Rodgers v. Hopkins Enterprises of Ms., LLC,* No. CV 17-6305, 2018 WL 3104288, at *2 (E.D. La. June 21, 2018).

An actual summary of the opinions to be offered by the witness and the facts supporting those opinions to which the witness is expected to testify is required. See Federal Rule of Civil Procedure 26 advisory committee note from the 2010 amendment: *Williams v. State* 2015 WL 5438596, at *4 (M.D. La. Sept. 14, 2015). Although a Rule 26(a)(2)(C) disclosure "need not be extensive," the disclosure should be "an abstract, abridgement, or compendium of the opinion *and* facts supporting the opinion." *Causey v. State Farm Mutual Automobile Ins. Co.,* 2018 WL 2234749 (E.D. La. May 16, 2018) (internal quotation marks omitted) (quoting *Rea v. Wisconsin Coach Lines, Inc.,* 2014 WL 4981803, *5 (E.D. La. Oct. 2, 2014)). The purpose of the expert disclosure requirements is to allow both sides to prepare their cases adequately and efficiently, to prepare for effective cross-examination, to arrange for testimony from other experts if necessary, and "to prevent

the tactic of surprise from affecting the outcome of the case." *Bradley v. Mountain Lake Risk,* No. 6:l 9-CV-00056, 2022 WL 3011146, at *3 (W.D. La. July 29, 2022), citing *Lemings v. Taylor,* 2021 WL 2550279, at *4 (M.D. La. June 22, 2021) (quoting *United States v. 9.345 Acres of Land,* No. l 1-cv-803, 2016 WL 5723665, at *13 (M.D. La. Sept. 30, 2016)); see also *Causey,* 2018 WL 2234749, at *2.

The Court agrees with Defendants that because no future medical treatment was disclosed to Defendants, evidence of future medical treatment and/or costs is to be excluded at trial, excepting one future repeat of a Cervical Epidural Steroid Injection. Furthermore, Defendant does not have to depose every expert, and it is Plaintiff's obligation to comply with Rule 26 regarding disclosure of any potential future medical treatment. Accordingly,

**IT IS ORDERED** that Defendants' Motion *in Limine* and/or to Strike Expert Opinions from Treating Physicians Regarding Future Medical Treatment and the Cost of Same" (Doc. 67) is **GRANTED.**

**THUS DONE AND SIGNED** in chambers on this 6th day of January, 2026.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**